IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **CHRISTOPHER D. CHATMAN,** | ) | |
| | ) | **NO. 01C01-9710-CC-00484** |
| Appellant, | ) | |
| | ) | **ROBERTSON COUNTY No. 9918** |
| **VS.** | ) | |
| | ) | **HON. ROBERT W. WEDEMEYER,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |
| | ) | **AFFIRMED - RULE 20** |

## O R D E R

Appellant, CHRISTOPHER D. CHATMAN, appeals the denial of his petition for post-conviction relief. On November 30, 1995, appellant pled guilty to the Class C felony of selling cocaine and received a Range II, multiple offender sentence of eight years. To avoid resentencing on three cases for which he was serving an effective twelve-year sentence on Community Corrections, he admitted his Community Corrections violation. Pursuant to the plea agreement, the eight-year sentence was ordered to run consecutively to the twelve-year sentence for an effective twenty-year sentence.

In July 1996, appellant filed a petition for post-conviction relief. The petition claimed that the plea was involuntary and without understanding of the consequence of such a plea. It also alleged ineffective assistance of counsel. Appellant's amended petition further alleged that he understood the sentences would be concurrent.

On August 15, 1997, an evidentiary hearing was held. On October 17, 1997, the post-conviction court entered a written order denying relief.

According to trial counsel's testimony at the evidentiary hearing, the plea agreement was for a Range II, eight-year sentence to run consecutively to the twelve-year Community Corrections sentence which was revoked. He discussed the agreement with appellant as well as the possible consequences of going to trial,

which included a Range III, persistent offender conviction and resentencing on the three Community Corrections violations. They discussed consecutive sentencing. Counsel never told appellant that the twelve-year sentence would "eat up" the eight-year sentence (i.e., run concurrently). Counsel's main concern was to avoid a very lengthy sentence for his client.

Appellant's post-conviction hearing testimony was completely at odds with counsel's testimony. Appellant testified that he never saw any of the evidence against him. He said he knew nothing about the drug case except that he had been charged. He claimed that he had no idea what he was pleading to on November 30. He further claimed that counsel told him the eight-year sentence would be concurrent with the twelve-year sentence; he could do 120 days in "boot camp" and be placed on probation; and that he would get more time if he went to trial.

However, appellant acknowledged during cross-examination that he knew he could be re-sentenced on the Community Corrections violation and that his five prior convictions could be considered at sentencing if he went to trial. He also testified that he wanted to get out of jail as soon as possible and that his chief complaint is that he received a twenty-year sentence rather than a twelve-year sentence.

A review of the record shows that the judge at the guilty plea hearing clearly addressed each of appellant's concerns. He clearly addressed the question of consecutive sentencing. He gave appellant ample opportunity to express any misunderstanding or dissatisfaction with the plea agreement or its terms.

The post-conviction judge conducted a full evidentiary hearing and placed his findings in the record. In particular, we note that he found appellant's testimony to be "totally not credible." The evidence does not preponderate against these findings. Appellant's claims are without merit

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the appellant is indigent, costs shall be taxed to the state.

2

So ordered.  Enter:


_____
**JOE G. RILEY, JUDGE**


**CONCUR:**




_____
**PAUL G. SUMMERS, JUDGE**




_____
**L.T. LAFFERTY, SENIOR JUDGE**